IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 80096-5-I |
| | ) | |
| TAMMY ANNETT ROBERTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID BRIAN ROBERTS, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GARY LIVINGSTON and | ) | UNPUBLISHED OPINION |
| PATRIOT SEALCOAT, INC. | ) | |
| | ) | FILED: October 7, 2019 |
| Appellants, | ) | |

VERELLEN, J. — Gary Livingston and his company, Patriot Sealcoat, Inc.,
appeal an order holding them in contempt for refusing to comply with a subpoena
by failing to produce all documents requested and by failing to answer all
questions at a deposition. The contempt order was issued on an order shortening
time, allowing less than two days' notice of the contempt hearing. Although a trial
court generally has broad discretion to shorten time for a hearing, here, neither the
motion for an order shortening time nor the order itself recite any reason for such
an expedited hearing. Because the record on appeal shows no basis to grant the

ex parte order shortening time and doing so appears to have prevented Livingston and Patriot, who are not parties to the underlying marriage dissolution action, from obtaining counsel and preparing for the contempt hearing, the court abused its discretion by granting the motion.

Therefore, we reverse and remand for further proceedings consistent with this opinion.

## FACTS

David and Tammy Roberts[1] were in the process of dissolving their marriage when David served Patriot with a subpoena to provide documents and testify about possible income Tammy earned from the business. The subpoena required that Patriot produce a range of documents. Pursuant to CR 30(b)(6), it also required that Patriot designate an officer to testify about any bookkeeping or other work Tammy performed for the company, any monies or benefits she received, and any other employees who may have performed similar work. Livingston, Patriot's sole officer and owner, accepted service. At the time, Livingston and Tammy had been "romantically involved" for about a year-and-a-half.[2]

During the deposition, Livingston appeared without counsel. Although he answered several questions, he refused seven times to answer questions from David's counsel. Livingston made several aggressive objections and claimed

---

[1] We refer to Tammy and David by their first names for clarity.

[2] Clerk's Papers (CP) at 33.

2

questions were irrelevant to the subject of the deposition.[3] He also refused to produce all the documents requested by the subpoena.

Six days after the deposition, David filed a motion to hold Livingston and Patriot in contempt for failing to comply with the subpoena by refusing to answer all questions posed and by refusing to provide all documents requested. David also moved to shorten time for the contempt hearing from five days to 42 hours.[4] The court granted the show cause order and shortened time.[5]

Livingston appeared pro se. However, Tammy's attorney, who later took on Livingston as a client, entered an appearance and argued against the contempt motion. The court found Livingston and Patriot in contempt for failing to obey the subpoena. They could purge the contempt by producing the documents requested and sitting for a second deposition. The court also awarded David $4,192.90 in expenses, including attorney fees.

Livingston and Patriot appeal.

---

[3] E.g., CP at 31 ("I'm letting you know [that] you need to be relevant to what's going on today. I'm not going to answer any shit-show questions that don't have anything to do with what you are trying to find out."); CP at 36 ("That has no relevance to her doing any bookkeeping for me that you guys are accusing her of.").

[4] See CP at 4 (filing contempt motion at 3:04 pm on May 10); CP at 9 (requesting that the court shorten time to hear the contempt motion on May 12); Clark County LCR 4.1(b) (requiring at least five days' notice for a show cause order in a family law proceeding).

[5] CP at 1-3; RP (May 12, 2017) at 1 (contempt hearing began at 9:28 a.m.).

ANALYSIS

Livingston and Patriot argue the court erred by granting the order shortening time and preventing them from being represented by counsel at the contempt hearing. David contends they cannot challenge the order shortening time because they waited too long to appeal.

Under RAP 2.4(b), an appellant does not need to designate every ruling in its notice of appeal if "(1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." "Our Supreme Court has interpreted the term 'prejudicially affects' to turn on whether the order designated in the notice of appeal would have occurred absent the other order."[6]

The timely notice of appeal of the contempt order did not list the order shortening time,[7] but the order shortening time is so intertwined with the resulting contempt order that it prejudicially affects the contempt order. Therefore, the order shortening time is properly before us.

CR 6(d) requires at least five days' notice for a motion. But a trial court can, in its discretion, grant an ex parte motion to shorten time upon a showing of good cause.[8] A court abuses its discretion if it grants a motion based upon untenable

---

[6] Cox v. Kroger Co., 2 Wn. App. 2d 395, 407, 409 P.3d 1191 (2018).

[7] CP at 79.

[8] KARL B. TEGLAND, 3A WASHINGTON PRACTICE: RULES PRACTICE, at 183 (6th ed. 2013) (citing CR 6(d)); State ex rel. Citizens Against Tolls (CAT) v. Murphy, 151 Wn.2d 226, 236, 88 P.3d 375 (2004).

reasons or untenable grounds.[9] The dilemma here is that the record does not reveal any reason or cause, let alone good cause, to shorten time from at least five days to less than two days. David offers no answer to the critical question: why did the court decide to shorten time? Both the motion to shorten time and the court order shortening time should identify good cause for shortening time.[10]

Further, Livingston and Patriot assert that two days was inadequate to hire counsel, file declarations, and submit legal authority in response to the contempt motion. And the trial court did not seek testimony or argument from Livingston when hearing the contempt motion.[11] On this record, it was an abuse of discretion to shorten time to less than two days' notice. We reverse and remand for further proceedings on David's motion for contempt.

Because it may be of some assistance on remand, we note the parties' apparent belief that David subpoenaed Livingston individually for his deposition.[12] Despite this belief, the record before us on appeal reveals a subpoena directed only to Patriot with a request to provide a CR 30(b)(6) representative to address certain topics. The failure of a CR 30(b)(6) representative to answer particular

---

[9] In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

[10] See TEGLAND, supra n.21 ("The accompanying affidavit (or declaration) should explain the moving party's need for a shortened notice period. If the motion to shorten time is brought ex parte, the affidavit should set forth good cause for proceeding ex parte and indicate what if any attempts were made to provide notice.").

[11] CP at 57; RP (May 12, 2017) at 4-11.

[12] E.g., App't's Br. at 4 ("Livingston was served with a subpoena to appear for a deposition."); Resp't's Br. at 8 ("Roberts properly issued a subpoena to Livingston.").

questions may be the basis for seeking an order compelling discovery and for expenses incurred in obtaining the order compelling discovery, but the orders would normally be directed to the entity not the representative.[13] And the failure of the entity to provide all documents responsive to a CR 45 subpoena could support holding the entity in contempt but normally not the designated CR 30(b)(6) representative of the entity.[14]

We reverse and remand for further proceedings consistent with this opinion. Because this appeal is resolved on the narrow issue of the motion to shorten time, we decline to award attorney fees on appeal.

WE CONCUR:

---

[13] CR 37(a)(2), (4).

[14] See Diaz v. Washington State Migrant Council, 165 Wn. App. 59, 81, 265 P.3d 956 (2011) (a corporation is responsible for failing to disclose responsive information known to its directors during discovery even where the directors resist disclosure for personal reasons).

6